## NATIONAL BANK AND TRUST CO. OF SOUTH BEND *v.* MOODY FORD, INC. ET AL.

[No. 1070A170. Filed October 12, 1971. Rehearing denied November 15, 1971.]

*Joseph D. Anderson, Richard J. McDonald, Patrick, Anderson, McDonald & Perry,* of South Bend, for appellant.

*Isadore D. Rosenfeld,* of South Bend, for appellee Brennen, *Richard D. Bonewitz,* of South Bend, for appellees Moody, *Patrick Brennan,* pro se, for appellee, Moody Ford, Inc.

HOFFMAN, C. J.—The primary issue presented by this appeal is whether the interest of Brennan, as a stockholder, director and officer of a car dealership, who had personally advanced money for three new automobiles took priority over a secured creditor who had properly filed financing statements which included after-acquired property.

The essential facts in the record before us necessary to resolve this issue are as follows:

On January 24, 1969, The National Bank and Trust Company of South Bend (Bank) entered into a floor plan financing agreement with Moody Ford, Inc. At that time a security agreement and financing statement covering all inventory and equipment then owned or acquired "hereafter" were executed. On January 31, 1969, the financing statements were properly recorded in the office of the Recorder of St. Joseph County, Indiana, and in the office of the Secretary of the State of Indiana, in accordance with IC 1971, 26-1-9-401, Ind. Ann. Stat. § 19-9-401 (Burns 1964).

In January of 1970, Moody Ford had defaulted in its floor plan agreement with the Bank to the extent of $6,000 to $8,000. Appellee-Brennan who had been a stockholder, director and officer of Moody Ford, was aware not only of the Bank's status as a secured creditor but was also aware of such default.

On February 24, 1970, the Bank notified Moody Ford that the floor plan line of financing was being discontinued, and on April 20 repossessed the cars then in possession of Moody Ford. On April 23, 1970, the Bank filed its verified complaint for damages, breach of trust based upon a secured

note, to foreclose security, and for the appointment of a Receiver. On April 24, 1970, following a hearing, a Receiver was appointed by the trial court.

Such Receiver, in the performance of his duties, proceeded to the office of Moody Ford to take possession of the corporate assets. Upon his arrival at the premises he discovered three new Ford automobiles. The manager of Moody Ford refused to surrender the certificates of origin to the Receiver. It was not until Brennan appeared at the site, left for a while with the manager, and returned, that the certificates were shown to the Receiver. These certificates were signed by the manager, thus revealing that Patrick Brennan was a lienholder on all three vehicles. The amount of the lien was not shown, nor was the manager's signature dated or notarized.

On May 20, 1970, the Receiver filed his verified petition for an order against Brennan to show cause why the three Ford automobiles should not be found to be subject to the security interest of the Bank. The requested order to show cause was issued and hearing thereon set for June 2, 1970. Brennan, on June 2, 1970, filed an answer wherein he alleged an agreement between himself and Moody Ford whereby he was to furnish the money to purchase the cars in question and he would be the owner of such cars, subject to a right in Moody Ford to sell the cars and retain for itself any profits derived from such sales.

Having heard evidence on the issues the trial court made the following findings:

> "And now the Court having heard the evidence and taken under advisement the rule to show cause and answer of Patrick Brennan, the Court finds for the respondent, Patrick Brennan, and against the Receiver, and orders that the automobiles now held by the Receiver be either returned to the said Patrick Brennan or the Receiver pay the said Patrick Brennan the amount of money that he expended in order to receive said automobiles on behalf of Moody Ford, Inc."

On appeal appellant-Bank contends that the decision of the trial court is not supported by sufficient evidence to establish a statutorily perfected purchase money security lien in Brennan and that the decision is contrary to law in that the Uniform Commercial Code requirements for perfecting such a lien have not been complied with.

The essence of the Bank's argument is that there is no evidence in the record to show that IC 1971, 26-1-9-312, Ind. Ann. Stat. § 19-9-312(3) (Burns 1964) has been complied with. This statute, in pertinent part, provides:

"(3)  A purchase money security interest in inventory collateral has priority over a conflicting security interest in the same collateral if

"(a)  the purchase money security interest is perfected at the time the debtor receives possession of the collateral; and

"(b)  Any secured party whose security interest is known to the holder of the purchase money security interest or who, prior to the date of the filing made by the holder of the purchase money security interest, had filed a financing statement covering the same items or type of inventory, has received notification of the purchase money security interest before the debtor receives possession of the collateral covered by the purchase money security interest; and

"(c)  such notification states that the person giving the notice has or expects to acquire a purchase money security interest in inventory of the debtor, describing such inventory by item or type."

Appellee-Brennan answers that, in fact, there is evidence in the record to support the finding of the trial court that his purchase money security interest was entitled to priority over the Bank as a secured creditor.

"In reviewing the record before us we may consider only the evidence most favorable to appellees, together with any reasonable inferences which may be drawn therefrom, and it is only when there is no conflict in the evidence and it can lead only to a conclusion contrary to the one which the trial court reached, will

the decision be reversed." *Echterling* v. *Jack Gray Transport, Inc.* (1971), 148 Ind. App. 415, 267 N. E. 2d 198, at 201, 24 Ind. Dec. 682; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

In the instant case there is no evidence whatsoever in the record to sustain the finding of the trial court that Brennan had complied with the requirements of the Uniform Commercial Code thus enabling him to take priority over the Bank as a secured creditor. In regard to the first requirement, that the purchase money security interest be perfected at the time the debtor receives possession of the collateral, the evidence most favorable to the appellee is that the lien was disclosed by the manager's endorsement on the back of the certificates of origin. This is not enough to be considered "perfection of Brennan's interest" under IC 1971, 26-1-9-302, Ind. Ann. Stat. § 19-9-302 (Burns 1964) which, in pertinent part, states:

"(3)   The filing provisions of this Article [Chapter] do not apply to a security interest in property subject to a statute

"(a)   of the United States which provides for a national registration or filing of all security interests in such property; or

"(b)   of this state which provides for central filing of security interests in such property, or in a motor vehicle which is not inventory held for sale for which a certificate of title is required under the statutes of this state if a notation of such a security interest can be indicated by a public official on a certificate or a duplicate thereof."

This statute indicates that the filing provisions of Article 9 still apply to motor vehicles which are "inventory held for sale." In complete accord are the Indiana Comments following § 19-9-302, *supra*, at 621, which, *inter alia*, states "[p]erfection through the certificate of title is neither permitted or [nor] required under subsection (3) and (4) * * * as to inventory."

In regard to requirement (b) of § 19-9-312(3), *supra*, that the secured creditor receive notice prior to the time the debtor receives possession, the evidence most favorable to appellee-Brennan discloses that the Bank and that he had financed three trucks on a prior occasion and that Brennan had discussed the possibility of future financing with the Bank's Vice President. Even if this is construed to satisfy requirement (b), the record is altogether barren as to any evidence showing that the "notification" stated that Brennan had, or expected to have, a purchase money interest or that it described such inventory by type or kind.[1]

The financing statement was not filed in accordance with § 19-9-302, *supra*, thus Brennan's lien was not perfected at the time the debtor received possession. The secured creditor was not properly notified as to Brennan's intention to hold a purchase money security interest in these three cars. Therefore, appellee-Brennan did not comply with § 19-9-312, *supra*, and his purchase money lien does not take priority over the Bank's security interest.

Appellee-Brennan further contends that equity demands that he is entitled to the three automobiles in question. While we recognize that the Bank expended no money in acquiring these cars, we also realize that the provisions of the Uniform Commercial Code under which this case arises were adopted expressly for the purpose of protecting purchase money security interests such as Brennan's.

While this point appears to be one of first impression in this jurisdiction, it was precisely ruled on by the Supreme Court of Oregon in *Evans Products* v. *Jorgenson* (1966), 245 Ore. 362, at 372, 421 P. 2d 978, 983, as follows:

"The purpose and effectiveness of the UCC would be substantially impaired if the interests created in compli-

---

1. This is essentially the requirement of "notification" described in § 19-9-312(3) (c).

ance with UCC procedures could be defeated by application of the equitable doctrine of unjust enrichment."

Were this court to disregard the fact that Brennan has totally failed to comply with the provisions of the Uniform Commercial Code the result would be little more than a judicial erasure of those sections of the Code upon which this case relies.

Appellee-Brennan raises the second contention that the Bank has no standing in this appeal. This argument was presented to this court on appellee's motion to dismiss or affirm. However, after due consideration of such motion and the briefs filed in respect thereto, appellee's motion to dismiss was overruled.

In *Wiedenhoft* v. *City of Michigan City* (1968), 250 Ind. 327, at 330, 236 N. E. 2d 40, at 42, our Supreme Court cited language from *Clay* v. *Hamilton* (1945), 116 Ind. App. 214, at 220, 63 N. E. 2d 207, at 209, as follows:

"[I]n order for a party to be entitled to appeal from a final judgment, it must appear that he has a substantial interest in the subject matter of the litigation and that he is prejudiced or aggrieved from the judgment or decree from which he seeks to appeal."

The Bank's interest is within this language. The rule to show cause proceeding was a means of collecting the assets of the defendant-corporation and bringing them together into the receivership estate. The receivership was ancillary to the cause of action of the Bank against the corporate and the individual defendants. The Bank as the largest and only secured creditor was harmed by the decision of the trial court to award either the autos or the purchase money to Brennan. It, therefore, has an appealable interest and is a proper party-appellant.

Appellee-Brennan's third contention that appellant's brief is faulty is without merit. Appellant's brief is in sub-

stantial compliance with the rules of this court and, therefore, has been considered in the decision of this cause.

Brennan's final contention that the transcript is faulty in that the motion to correct errors was not separately certified and placed after the table of contents has been decided by this court in *State Bd. of Tax Comm'rs* v. *Associated A. & T. Rental, Inc.* (1971), 148 Ind. App. 611, 268 N. E. 2d 626, 25 Ind. Dec. 333, wherein we held that the requirement for a separate certification of the motion to correct errors as stated by *Thonert* v. *Daenell* (1970), 148 Ind. App. 70, 263 N. E. 2d 749, 23 Ind. Dec. 564, is expressly overruled.

Judgment reversed with instructions to enter judgment consistent with this opinion.

Sharp, Staton and White, JJ., concur.

NOTE.—Reported in 273 N. E. 2d 757.