## 56168. B & P LUMBER COMPANY v. FIRST NATIONAL BANK OF ATLANTA et al.

BIRDSONG, Judge.

This case involves an interpretation of the interplay of certain provisions of the Uniform Commercial Code (Ga. L. 1962, p. 156 et seq; Code Ann. Ch. 109A-1 et seq.). The facts giving rise to this dispute reflect that Peachtree Wood Products, Inc. was engaged in wholesale and retail sale of lumber products. During the majority of the years of its existence, it was financed in part by the appellee First National Bank of Atlanta under a continuing charge account credit. At the inception of the credit account, First National obtained a security interest in the assets of Peachtree Wood, involving both current assets and all after-obtained inventory. Subsequently, in 1975, Peachtree Wood was engaged in business transactions with the appellee B & P Lumber Company, Inc., with B & P acting as wholesale distributor of lumber products to Peachtree Wood. Peachtree Wood purchased a carload lot of cedar lumber from B & P with delivery taking place on December 3, 1975. As we read the facts adduced concerning the time of the sale by B & P to Peachtree Wood, none of the parties considered Peachtree Wood as insolvent. However, after delivery of the cedar was accomplished, First National, under the terms of its security instrument, on or about December 8, 1975, took possession of the entire inventory of Peachtree Wood thereby rendering Peachtree Wood insolvent. B & P learned of the insolvency, and on December 11, 1975, attempted to exercise its right to reclamation as provided in Code Ann. § 109A-2—702 (2). The facts show that B & P sold the carload of lumber to Peachtree Wood on open account and did not attempt to execute or perfect a purchase-price security interest in the lumber prior to delivery (see Code Ann. § 109A-9—301 et seq.). After seizing the inventory, First National resisted efforts by B & P to recover the lumber and sold the entire inventory of Peachtree Wood in partial liquidation and satisfaction of Peachtree Wood's indebtedness to First National. B & P brought this action against First National and Peachtree Wood. In Count 1, it sought the return of the lumber or its

cash equivalent. Count 2 sought an injunction restraining the bank from selling or otherwise disposing of the lumber. Count 3 sought judgment against Peachtree Wood for the purchase price of the lumber and Count 4 asserted a conversion of the lumber by First National and sought the cash equivalent of the converted lumber. The trial court found Count 2 to be moot. A default judgment was entered against Peachtree Wood in Count 3. Upon motion by First National, the court dismissed Counts 1 and 4 as failing to allege a cause of action. This appeal involves only the dismissal as to Counts 1 and 4. Appellant enumerates three alleged errors, the first two dealing with the dismissals of Counts 1 and 4 and the third enumeration asserts that the trial court erred in not allowing B & P to present evidence regarding allegedly improper disposition of collateral by the bank. *Held:*

1. We affirm the judgment of the trial court. It is uncontested that First National had a perfected security interest in the after-obtained collateral held by Peachtree Wood which included the lumber in question. At best, the appellant held an unsecured interest. See Code Ann. § 109A-9—301. B & P has argued that by virtue of its reclamation action within ten days of delivery, it re-established its rights of ownership. However, B & P was never able to obtain physical possession of the lumber after delivery and was subject to the rights of the bank as a "purchaser" whose rights intervened prior to the attempted reclamation. Code Ann. § 109A-2—702 (3) (UCC § 2-702 (3)). If we assume that Peachtree Wood misled B & P into believing Peachtree Wood was solvent at the time of the sale, B & P had the right to effect reclamation and thereby obtain possession or re-possession within ten days. It attempted to effect such a reclamation within ten days of delivery and following the discovery that Peachtree Wood was insolvent. Code Ann. § 109A-2—702, supra. However, this right to reclamation on discovery of insolvency is primarily a right between the seller and purchaser (In re Helms Veneer Corp., 287 FSupp. 840 (W.D. Va. 1968)) and is subject to the paramount rights of "a buyer in ordinary course or other good faith purchaser." UCC § 2-702 (3),

supra. Thus, while possessing only a voidable title to the lumber transferred to the bank, Peachtree Wood could legally transfer title to a good faith purchaser. In re Samuels, 526 F2d 1238, 1243 (5th Cir. 1976). Under Code Ann. §§ 109A-1—201 (32) and 109A-1—201 (33), First National qualified as a "purchaser" from Peachtree Wood (House of Stainless v. Marshall & Ilsley Bank, 249 NW2d 561, 565 (4) (Wis. 1977); Guy Martin Buick v. Colorado Springs Nat. Bank, 184 Colo. 166 (519 P2d 354)), and under Code Ann. § 109A-1—201 (44) (b) satisfaction of the bank's pre-existing claim constituted value for the purchase. In re Hayward Woolen Co., 3 UCC Rep. Serv. 1107 (D. Mass. Ref. 1967); First- Citizens Bank &c. Co. v. Academic Archives, 10 N.C. App. 619, 624 (179 SE2d 850).

Because there was not a misrepresentation by Peachtree Wood as to the state of its solvency at the time of the sale, in order for B & P to have priority and thereby defeat First National's superior security as a good faith purchaser, it was necessary for B & P to have obtained and perfected a purchase money security interest prior to or at the time of delivery of the carload of lumber to Peachtree Wood. Stowers v. Mahon, 483 F2d 557 (5th Cir. 1973); Fan-Gil Corp. v. Am. Hospital Supply Corp., 49 Mich. App. 106 (211 NW2d 561); Galleon Industries v. Lewyn Machinery Co., 50 Ala. App. 334 (279 S2d 137); Nat. Bank &c. Co. v. Moody Ford, 149 Ind. App. 479 (273 NE2d 757). It is not contested that B & P sold the lumber on open account and did not perfect a purchase money security interest.

2. We believe uniform codes ought to be interpreted uniformly. Thus, we elect to be guided by the precedents set forth in this opinion. We conclude that the bank was a good faith purchaser, which the UCC tends to favor (In re Samuels, supra, at p. 124(a)). As purchaser, First National was entitled to the exemption from a creditor's right of reclamation granted in Code Ann. § 109A-2—702 (3). The creditor, B & P had no senior claim because it did not perfect its claim as required. Code Ann. § 109A-9— 312, supra. Moreover, Code Ann. §§ 109A-2—507 and 109A-2—702 speak of the right to reclaim goods. Neither provision grants a right to seek recovery from a third party of the proceeds from the sale of the goods. In re

Samuels, supra, at p. 1245. Thus, provisions of the UCC itself expressly preclude recovery by B & P as against the First National Bank. Stumbo v. Paul B. Hult Lumber Co., 251 Or. 20 (444 P2d 564); Evans Products Co. v. Jorgensen, 245 Or. 362 (421 P2d 978). It follows that the trial court properly dismissed Counts 1 and 4 as failing to state a cause of action.

3. In its third enumeration of error, B & P asserts that the trial court erred in refusing to allow B & P to introduce evidence to show that First National did not establish of record that it had followed proper procedures in the sale of the collateral. B & P cannot belatedly raise this error before this court. Both parties to this trial presented evidence to the trier of fact. At no time did B & P urge at the trial court that First National failed to comply with proper sale procedures. Both parties rested indicating that no further evidence was to be offered. The trial court instructed upon the issues as presented by the parties in the language offered by the parties. It is the rule in this court that the appellant may raise only such errors as were alleged at trial, and objections raised for the first time before this court present nothing for review. *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762); *Curran v. Fleming,* 76 Ga. 98; *Johnson v. Heifler,* 141 Ga. App. 460, 461 (233 SE2d 853); *Robertson v. Ga. Power Co.,* 128 Ga. App. 740 (197 SE2d 924). We are therefore unable to consider this enumeration.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JUNE 26, 1978 — DECIDED SEPTEMBER 12, 1978— REHEARING DENIED OCTOBER 30, 1978 —

*Gregory W. Sturgeon,* for appellant.
*Randolph A. Mayer, C. Read Morton, Jr.,* for appellees.