## 56797. AMERICAN MUTUAL FIRE INSURANCE COMPANY et al. v. COTTON STATES MUTUAL INSURANCE COMPANY et al.

SHULMAN, Judge.

During the day of July 12, 1977, Bryant and Ward came to an agreement by which Ward would purchase a car from Bryant. The agreement provided that Ward would pay a specified amount weekly until the entire purchase price was paid. After work that day, Ward accompanied Bryant to Bryant's home to take possession of the car. Bryant removed all his property from the car and delivered possession of the vehicle to Ward. The first payment under the purchase agreement was not made until July 15, at which time Bryant executed a bill of sale and signed the transfer portion of the tag receipt.

On the evening of July 12th, after taking possession of the car, Ward took a drive with several friends. During the course of that ride, sometime between 9:30 p. m. and 10:30 p.m., the car Ward was driving struck and killed a pedestrian.

The mother of the pedestrian instituted a wrongful death action against both Bryant and Ward. She caused a copy of the complaint to be served on her insurance carrier, alleging that neither Ward nor Bryant were covered by insurance. Her insurer, American Mutual, denied coverage, contending that a policy issued to Bryant by Cotton States covered the action. Ward subsequently filed a third-party complaint against Cotton States, alleging that he was covered by Bryant's policy.

After Cotton States answered the third-party complaint, motions for summary judgment on the issue of the extent of coverage of the Cotton States policy were filed by American Mutual, Ward, Bryant, and Cotton States. The motions of American Mutual and Ward were denied and those of Bryant and Cotton States were granted. This appeal is from both the grants and denials.

1. This court is without jurisdiction to review the denials of summary judgment. The case is still pending below and interlocutory procedures were not followed. *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (229 SE2d

753); *Stallings v. Chance,* 239 Ga. 567 (238 SE2d 327).

2. The determinative issue here is the ownership of the car involved in the accident. If Bryant was the owner at the time the pedestrian was hit, Ward is covered by the Cotton States policy under the provisions of a clause extending coverage to persons driving a car belonging to Bryant with Bryant's permission. If, however, Ward was the owner, there would be no coverage: Bryant would be in no position to give permission to drive a car which was no longer his. See, e. g., *Allstate Ins. Co. v. Harris,* 133 Ga. App. 567 (2) (211 SE2d 783).

The trial court determined that there was a bona fide sale of the car at the time Ward took possession. We agree with that determination.

A. Appellants contend that there was a question of fact as to whether a sale had been completed so as to pass ownership of the car to Ward. We find no such question of fact.

"Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place. . ." Code Ann § 109A-2—401 (2). For an application of this principle to the transfer of title to a motor vehicle, see *Canal Ins. Co. v. P & J Truck Lines,* 145 Ga. App. 545 (2) (244 SE2d 81). There is nothing in the record which raises any questions of fact concerning whether the parties had explicitly agreed that title would not pass upon the delivery of possession. In fact, uncontradicted evidence submitted on motion for summary judgment establishes that an agreement had been reached as to price and terms of payment and that both parties considered the sale final when Ward took possession.

B. Another of appellants' arguments is that, as to third parties, ownership was in Bryant because of lack of compliance with the Motor Vehicle Certificate of Title Act (Code Ann. Ch. 68-4A). Code Ann. § 68-415a provides that a non-dealer seller of a car shall, at the time of delivery, execute an assignment and warranty of title and deliver it to the transferee, who shall apply for a new title.

Subsection (d) of that section provides, in pertinent part, that, "[e]xcept. . .as between the parties, a transfer by an owner is not effective until the provisions of this section. . . have been complied with and no purchaser or transferee shall acquire any right, title, or interest in and to a vehicle purchased by him unless and until he shall obtain from the transferor the certificate of title thereto, duly transferred in accordance with the provisions of this section."

Appellants' argument on this issue must fail because the issue here is not the consequences of noncompliance with the recordation requirements of the Motor Vehicle Certificate of Title Act but a determination of the ownership of the car Ward was driving.

"In an automobile liability policy 'the term ownership should be construed as defined in statutes dealing with titles to automobiles.' [Cit.]" *Samples v. Ga. Mut. Ins. Co.*, 110 Ga. App. 297, 299 (138 SE2d 463). "Owner" is defined in the Motor Vehicle Certificate of Title Act as ". . .a person. . .having the property in or title to a vehicle. The term includes a person entitled to the use and possession of a vehicle subject to a security interest in another person. . ." Code Ann. § 68-402a (g). Under that definition, Ward, being the person "having the property in or title to" the car, was the owner of the car he drove at the time of the accident.

C. The Motor Vehicle Accident Reparations Act (Code Ann. Ch. 56-34B) requires the "owner of a motor vehicle" to maintain certain insurance coverage. Code Ann. § 56-3403b. "Owner" is defined in § 56-3402b (e) as the ". . .person. . . in whose name the motor vehicle has been registered. If no registration is in effect at the time of an accident involving the motor vehicle, 'owner' means the natural person. . . who holds the legal title thereto, or in the event the motor vehicle is subject to a security agreement or lease with an option to purchase with the debtor or the lessee having the right to possession, 'owner' means the debtor or the lessee."

Appellants contend that Bryant must be considered the owner because the car was registered in his name. We find that position untenable. To hold, as appellants would have us, that the inquiry into ownership, and the

concomitant responsibility for maintaining insurance coverage, ceases upon a discovery that the vehicle is registered under a certain name would render some of the language in the definition meaningless. For instance, a lessee with an option to purchase is an owner under the statute, but the lessor would be the registered owner until the option was exercised. We decline to hold that the legislature has inserted meaningless language into a statute of this state.

Under the agreement by which Ward took possession of the car, Bryant was to retain the certificate of title until payment in full had been made. That amounts to a security agreement under which Ward was the debtor with the right to possession. Under the provisions of that statute, Ward was the owner of the car at the time of the accident.

3. Appellants' claims that ownership remained in Bryant are based on statutory requirements for recordation of ownership interests and for the establishment of responsibility for maintaining insurance coverage. But at the heart of this matter is a determination of who was the owner of the car at the time of the accident within the meaning of the word "owned" as used in a contract of insurance. We believe that the ownership here involved is the holding of actual title to the car, not ownership judicially or legislatively imposed by reason of noncompliance with statutory requirements of recordation or responsibility for maintaining insurance coverage. See, e.g., Phoenix Ins. Co. v. Guthiel, 161 NYS2d 874 (2 NY2d 584).

Whether one applies the standard of the UCC for passage of title (Code Ann. § 109A-2—401 (2)), the definition of "owner" in the Motor Vehicle Certificate of Title Act (Code Ann. § 68-402a (g)), or the definition of "owner" in the Motor Vehicle Accident Reparations Act (Code Ann. § 56-3402b (e)), the evidence shows that Ward was the owner of the car at the time of the accident. It follows, therefore, that Ward was not driving a car owned by Bryant with Bryant's permission and that the policy issued to Bryant by Cotton States did not extend coverage to Ward's operation of the car. Summary judgment for appellees was demanded.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 30, 1978 — DECIDED FEBRUARY 22, 1979 — REHEARING DENIED MARCH 13, 1979 —

*Swift, Currie, McGhee & Hiers, Arthur H. Glaser,* for appellant.

*Steinberg & Osborne, Harry A. Osborne, Kenneth R. Brown, Shelfer & Shelfer, William S. Shelfer, Jr.,* for appellees.