67946. STONE et al. v. NOLAN.

MCMURRAY, Chief Judge.

On or about December 4, 1977, E. A. Hanson was the owner of a 1964 Ford pick-up truck. He purchased from and had a policy of automobile insurance issued by Georgia Farm Bureau Mutual Insurance Company naming him as the insured, effective December 4, 1977. Among other coverages contained in this policy was uninsured motorist coverage. On or about August 12, 1978, E. A. Hanson and Harold Stone entered into an agreement whereby Stone was to buy the pickup truck. The price of said vehicle was to be $350. Stone paid Hanson $300 and made a verbal promise to pay the additional $50 within a few days. At that time Stone took possession of the vehicle and Hanson and Stone agreed that the certificate of title would be delivered by Hanson to Stone when the additional $50 was paid by Stone to

Hanson. Hanson told Stone he would keep the liability insurance on the vehicle until the $50 was paid. Hanson stated that he felt like he had sold it when the truck was driven away and he would sign over title to him when he paid the additional $50, that is, when he brought the $50 "we would get the title straight . . . then I would give him the title or it would be his truck [that is] we would close it . . . [and] he would bring the $50 to me. Then it would be closed." Georgia Farm Bureau Mutual Insurance Company had no knowledge of the statement and agreement with reference to the vehicle, and Hanson was not an agent or employee of the insurer and at no time was he acting for or on behalf of the insurer. On August 26, 1978, before the $50 debt was paid by Harold Stone to Hanson, there was an occurrence in which Mike Stone was the occupant of the 1964 Ford pick-up truck driven by Harold Stone. This vehicle collided with an uninsured vehicle driven by Torris Folds, Jr. Both Mike Stone and Folds were killed as a result of said occurrence.

Mr. and Mrs. Howard Stone, husband and wife, and parents of Mike Stone, sued the administrator of the estate of Torris Folds, Jr., deceased, for the negligence of the decedent Folds alleging the decedent Folds' negligence was the sole and proximate cause of the plaintiffs' decedent's death.

There being a question of uninsured motorist coverage under the automobile liability insurance policy in the possession of Hanson, Georgia Farm Bureau Mutual Insurance Company answered the complaint admitting the existence of the policy but otherwise denied the complaint and among numerous other defenses set forth that Hanson was not the owner, having sold the vehicle to Stone prior to the collision in which the decedent Mike Stone died.

After discovery, all parties involved in the lawsuit entered a stipulation with reference to the policy which was admitted. However, that stipulation was withdrawn and a substitute stipulation was entered by and between the parties. This stipulation covered the above facts and, in addition, that the occurrence out of which this civil action arose was contributed to by the ordinary negligence of the deceased Torris Folds, Jr. and judgment should be entered in favor of the plaintiffs against the defendant administrator in the amount of $10,000. Folds carried no liability insurance on the vehicle he was driving and was not insured under any policy of liability insurance; and the only issue remaining in the case to be determined by the court is whether at the time of the occurrence, out of which this civil action arises, the policy of insurance of Georgia Farm Bureau Mutual Insurance Company provided uninsured motorist coverage pursuant to the laws of Georgia so as to require it to pay the $10,000 judgment as stipulated, this issue to be determined by the court sitting without a jury based upon the facts set forth in this stipulation.

Whereupon the trial court entered its findings of fact and conclusions of law. The findings of fact, in substance, are the same as the stipulation of the parties, including the judgment of $10,000 against the defendant administrator. However, the court determined therefrom that the uninsured motorist coverage provisions of the policy of insurance involved did not provide uninsured motorist coverage pursuant to the laws of Georgia to Mike Stone, decedent, or to the plaintiffs in the civil action, and the defendant Georgia Farm Bureau Mutual Insurance Company is not obligated or liable to pay the plaintiffs the amount of the judgment. The court concluded as a matter of law that the sale of the 1964 Ford pick-up truck to Harold Stone was complete at the time of the delivery of possession and ownership thereof passed to him at the time of the occurrence out of which this civil action arose; the insurer did not provide any uninsured motorist coverage to Mike Stone, decedent, or to the plaintiffs in this civil action in connection with the occurrence out of which this action arose, citing *American Mut. Fire Ins. Co. v. Cotton States Mut. Ins. Co.*, 149 Ga. App. 280 (253 SE2d 825). The plaintiffs were found to be entitled to judgment against the defendant administrator, but the insurer defendant, Georgia Farm Bureau Mutual Insurance Company, was discharged, and judgment was entered accordingly. The plaintiffs appeal. *Held*:

In *American Mut. Fire Ins. Co. v. Cotton States Mut. Ins. Co.*, 149 Ga. App. 280, 281 (2), supra, we observed that under the facts of that case the trial court determined there was a bona fide sale of a vehicle at the time of sale. Under facts somewhat similar to the case sub judice, this court found there was no question of fact and the uncontradicted evidence on motion for summary judgment demanded such finding. We find under subdivision (A) of Division 2 the following: " 'Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place . . .' Code Ann. § 109A-2—401 (2) [now OCGA § 11-2-401 (2)]. For an application of this principle to the transfer of title to a motor vehicle, see *Canal Ins. Co. v. P & J Truck Lines*, 145 Ga. App. 545 (2) (244 SE2d 81)." At page 282 with reference to Division 2 (B) this court quoted language from the Motor Vehicle Certificate of Title Act (Code Ann. Ch. 68-4A as found in Code Ann. § 68-415a (d) (now OCGA § 40-3-31 (d)) that " '(e)xcept . . . as between the parties, a transfer by an owner is not effective until the provisions of this section . . . have been complied with and no purchaser or transferee shall acquire any right, title, or interest in and to a vehicle purchased by him unless and until he shall obtain from the transferor the certificate of title thereto, duly transferred in

accordance with the provisions of this section.'" However, we do not construe *American Mut. Fire Ins. Co. v. Cotton States Mut. Ins. Co.*, 149 Ga. App. 280, 281-282 (2), supra, as being controlling here but merely as authority for the ruling by the trial court. In the case sub judice, the case was under consideration by the court as a fact finder and not based upon summary judgment. Accordingly, the evidence and stipulations before the trial court *would have authorized* the trial court to have determined that the parties otherwise explicitly agreed that title did not pass to the buyer at the time and place to which the purchaser took physical possession of the pick-up truck. In such a situation title and ownership would have remained with the seller and the insurance would have been effective as to the uninsured motorist coverage. See in this connection *Farmers & Merchants Bank v. Holloway*, 159 Ga. App. 645 (284 SE2d 661); *Wreyford v. Peoples Loan &c. Finance Corp.*, 111 Ga. App. 221, 223-224 (141 SE2d 216). Nevertheless, the evidence *also authorized* the finding by the fact finder that *title passed* to the buyer at the time he received physical possession of the goods, and the seller was holding the certificate of title as security only for the final payment of the $50 which document of title was to be delivered at such time and place as this indebtedness was paid. The trial court did not err in finding that the delivery of the pick-up truck from Hanson to Stone completed the sale, and, as a consequence, Hanson's insurance on the truck was no longer in effect, there being some evidence to authorize same, albeit the trial court could have found otherwise that the parties as laymen explicitly agreed the title did not pass. The substance of the seller's testimony as to what occurred is sufficient to authorize the court to determine he was merely reserving and holding the certificate of title as security to be delivered at a different time or place upon the payment of the final $50.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1984 —
REHEARING DENIED JULY 16, 1984 —

*James E. Hudson, E. Roy Lambert, Kenneth Kalivoda*, for appellants.

*Gary B. Blasingame, Eugene P. Baldwin, James A. Nolan, David Barrett*, for appellee.