A89A0515. COTTON STATES MUTUAL INSURANCE
COMPANY v. GOMEZ.
(383 SE2d 567)

BEASLEY, Judge.

Cotton States appeals the denial of its motion for summary judgment and the grant of partial summary judgment to Gomez.

Cotton States issued a policy of insurance to Godfrey for the period November 11, 1984 to May 11, 1985. The only vehicle listed was

a Datsun pickup truck which Godfrey had agreed to sell his co-worker, appellee Gomez, on November 3. They agreed that Gomez would pay him $3,000 over time and she gave him a check for $1,500 that day. They also agreed that Godfrey would maintain possession and title of the truck until it was fully paid for and that he would maintain insurance on it. Gomez actually took possession in December, while still making payments. According to her, the sale was to be final when she made the last payment and got the title.

Gomez was injured while driving the truck on April 5, 1985, at which time she still owed $200 to Godfrey.

In her suit for coverage, Gomez filed together a motion for summary judgment and a motion for filing of discovery materials in June 1987. Her deposition and other discovery materials, filed July 22, evidenced the above facts.

Cotton States filed its response and motion for summary judgment on July 22. The motions were heard in December, and apparently (there is no transcript of record) plaintiff's counsel was asked to draft a proposed order based on the oral ruling. Cotton States filed a motion for clarification of the proposed order, which was argued in February.

It was not until the filing of this latter motion that Cotton States filed, as exhibits to it, Godfrey's deposition and an affidavit of a claims examiner which included an unsworn statement taken from Godfrey. The court specifically refused to consider these two items and stated that it was not going to reconsider its earlier ruling, the only purpose of the requested hearing being to clarify that earlier ruling.

An order was entered by the court, a motion to set aside was made by Cotton States and granted, and the order was reentered in October 1988. Appeal followed.

The reentered order holds that "Plaintiff's motion . . . is partially granted, as to the finding that Plaintiff [Gomez] qualified as an insured under Defendant Godfrey's policy of insurance with Cotton States Mutual Insurance Company, based upon the agreement between Defendant Godfrey and Plaintiff, Defendant Godfrey gave Plaintiff permission to use that vehicle while Defendant Godfrey would maintain insurance on said vehicle."

Cotton States contended in its motion and in response to plaintiff's motion that there was no coverage, as a matter of law, because 1) a sale had occurred on delivery of the vehicle to Gomez so that non-owner Godfrey could not consent to its use, and 2) Gomez was not a named insured or insured within the meaning of the policy.

1. The sale argument is based on OCGA § 11-2-401 (2): "Insofar as situations are not covered by the other provisions of this article and matters concerning title become material the following rules ap-

ply: . . . (2) Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place; . . ."

However, the uncontradicted evidence (excluding the evidence submitted late by Cotton States) shows that this situation fits within the exception regarding explicit agreement and this argument fails. Compare *Stone v. Nolan*, 171 Ga. App. 644 (320 SE2d 781) (1984); *American Mut. &c. Ins. Co. v. Cotton States &c. Ins. Co.*, 149 Ga. App. 280, 281 (2A) (253 SE2d 825) (1979).

2. "Persons insured" under the policy are defined as the named insured, Godfrey, and "any other person using such automobile, provided the actual use thereof is with the permission of the named insured, and provided that no coverage shall be afforded hereunder to any person actually operating the automobile without the express permission of the named insured."

Since the ruling that ownership had been reserved by Godfrey until payment was completed, as agreed by him and Gomez, was demanded by the evidence, Gomez was an insured under the policy definition and covered while using the vehicle with the permission of Godfrey.

Even if the vehicle was not technically "owned" by Godfrey at the time of the accident, coverage would still obtain because he had an insurable interest in the vehicle and had purchased the policy listing it as the only insured vehicle. *Mahone v. State Farm Mut. Ins. Co.*, 188 Ga. App. 664 (373 SE2d 809) (1988).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 18, 1989 —
REHEARING DENIED JUNE 22, 1989 — 

*Parkerson & Shelfer, William S. Shelfer, Jr., David B. Groff*, for appellant.
*Randie H. Siegel, Robert M. Goldberg*, for appellee.