ROBERTSON, Judge.
This is an appeal from a summary judgment granted in favor of B.W. Runyan, d/b/a Runyan Plumbing Company (Run-yan) and against Frank Fleming. It involves a question of whether title passed from the subcontractor to the property owner when the subcontractor caused certain fixtures to be delivered to the owner’s home in preparation for installation by the subcontractor.
Fleming entered into a contract with Wood Butchers, Inc. (Wood), to construct an addition to Fleming’s home for an agreed price. Wood subcontracted with Runyan to perform the plumbing part of the contract. Wood instructed Fleming to *1214 select the plumbing fixtures he desired, and Runyan purchased them and caused them to be delivered to Fleming’s home for Runyan to install. Fleming paid Wood the entire amount due under the contract before the construction was completed. Upon learning that Wood was probably insolvent and would probably be unable to pay for the work and fixtures, Runyan stopped working on the Fleming project and attempted to recover the fixtures from Fleming’s home. Claiming that it was on advice of counsel and in reliance on the general contract, Fleming refused to allow Runyan to remove the fixtures. It was Fleming’s position that he had purchased the fixtures from Wood and that they were placed in his possession by Runyan, who was to look to Wood for payment. Fleming ultimately hired and paid someone else to install the fixtures.
Runyan brought this action against Wood and Fleming, alleging, among other things, conversion and seeking to recover the cost of the fixtures. Runyan moved for a summary judgment, and the trial court granted that motion, entering a summary judgment against Fleming for $3,545.10, which was the amount stipulated by the parties as the value of the fixtures. From that judgment, Fleming appeals.
Whether the trial court properly granted Runyan’s motion for summary judgment is the dispositive issue on appeal. To determine whether summary judgment was appropriate, we must review the facts and law regarding the passage of title. Specifically, we must determine here whether the title to plumbing fixtures passes from a subcontractor to a homeowner when the subcontractor causes the fixtures to be delivered to the owner’s home during his performance of a contract with the homeowner’s general contractor, who has been paid in full by the homeowner prior to completion of the project.
The trial court determined that Runyan was the owner of the fixtures and was entitled to recover the fixtures at the time it made demand on Fleming for their return. The trial court granted summary judgment against Fleming based on its conclusion that title did not pass from Runyan to Fleming “until the plumbing fixtures and the other items were actually installed by Runyan.” The trial court relied on § 7-2-401(2), Code 1975, to hold that because Runyan had not completed his performance with reference to the physical delivery of the fixtures, the delivery to Fleming was incomplete and Runyan still had title.
Fleming contends that title to the fixtures passed to him when Runyan caused them to be delivered to Fleming’s home. It is Fleming’s position that he paid Wood for the fixtures as a part of the general contract between Wood and Fleming. Fleming contends that delivery was totally and completely accomplished under § 7-2-401(2), Code 1975, when the fixtures were delivered to his home. Fleming contends that Runyan gave up dominion over the fixtures when he put them in Fleming’s possession.
The law regarding summary judgment is well established. Summary judgment, which tests the sufficiency of the evidence, is proper when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Alabama Rules of Civil Procedure. The moving party bears the burden of negating the existence of any genuine issue of material fact. See Melton v. Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App.1990).
In the instant case, the facts are undisputed that Runyan caused the delivery of the fixtures to Fleming’s home for later installation by Runyan pursuant to its contract with Wood. Section 7-2-401(2), Code 1975, in pertinent part, states: “Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods_” (Emphasis added.) Relying on this section, the trial court reasoned that delivery to Fleming could not be complete until Runyan completed his performance of the subcontract with Wood. The trial court concluded that Runyan would *1215 not be entitled to payment from Wood until he installed the fixtures, and, therefore, •that Runyan still had title at the time Fleming paid someone else to install them.
We are cognizant of the well established rules of statutory construction, requiring, inter alia, consideration of legislative intent. See Alabama State Board of Health ex rel. Baxley v. Chambers County, 335 So.2d 653 (Ala.1976). The statutory language applicable here specifies that complete performance is required to complete delivery.
Fleming’s argument that he had already paid Wood for the fixtures, while true, does not “complete the performance with reference to the physical delivery of the goods” which passes the title to him. The requisite elements of delivery to pass title to Fleming simply had not been accomplished in this fact situation and summary judgment for Runyan was proper.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.