67327. A. G. SPANOS DEVELOPMENT, INC. v. CARAS.

SHULMAN, Presiding Judge.

This appeal involves a dispute between appellant/landlord A. G. Spanos Development, Inc. ("Spanos") and appellee/tenant William Caras concerning a lease agreement and the proper interpretation of recently amended OCGA § 44-7-53. Spanos argues that the trial court erroneously allowed Caras to open the default that resulted when he failed to answer Spanos' dispossessory action within the seven days prescribed by statute. OCGA § 44-7-51 (b). Caras contends that he was improperly served with process and that the amended version of OCGA § 44-7-53 is unconstitutional.

On March 23, 1982, Spanos and Caras entered into a lease agreement which included a clause that required Spanos' express written approval of any assignment of the lease. Caras allegedly breached this agreement when he attempted to assign his rights under the lease to a third party as part of a contract Caras had negotiated in order to sell his delicatessen located on the premises he leased from Spanos. Spanos subsequently terminated the lease agreement and demanded that Caras vacate the premises, but Caras refused to comply. Spanos then initiated a dispossessory action seeking possession of the premises and the recovery of past due rent and utility charges. On June 15, 1983, Caras was served with a copy of the dispossessory warrant and summons pursuant to OCGA § 44-7-51. Subsection (b) of the foregoing statute requires the tenant to answer within seven days from the date of the actual service. Caras did not answer within the prescribed period and the case went into default. Two days later, on June 24, 1983, Caras moved to open the default. The motion was heard and granted by the trial court, thereby allowing Caras to remain on the premises. Spanos filed an interlocutory appeal, which this court granted.

1. Caras has moved for this court to dismiss the appeal on the ground that Spanos is no longer the real party in interest because of Spanos' alleged September 15, 1983, sale of the property on which the premises leased by Caras are located. However, there is no evidence of

such a transfer of land in the record of appeal, and we are therefore unable to consider the ramifications of the purported sale. *Berry v. Demmons*, 160 Ga. App. 712 (288 SE2d 78). Caras' motion to dismiss the appeal is denied.

2. Caras contends that the amended version of OCGA § 44-7-53 is unconstitutional because it allows the deprivation of property without due process of law. We do not reach the merits of Caras' argument, however, since he failed to argue the alleged unconstitutionality of the statute in question at the trial court level and because, in any event, this court is without jurisdiction to determine the statute's constitutionality. *Soles v. Beasley*, 137 Ga. App. 280 (1) (223 SE2d 477).

3. Caras also argues that he was improperly served with the dispossessory warrant and summons because the marshal employed the "nail and mail" method of service. Caras contends that the record does not show that personal service of process was ever attempted. However, OCGA § 9-11-12 (h) provides that a challenge to the sufficiency of service of process must be asserted in an *original* motion or responsive pleading. Since Caras failed to include his contention of improper service in his motion to open the default or in his answer, he has waived that defense. *Kiplinger v. Oliver*, 244 Ga. 527 (260 SE2d 904).

4. Spanos contends that the trial court erred in granting Caras' motion to open the default since OCGA § 44-7-53 (a), as amended, makes no provision for such an action. Before November of 1982, OCGA § 44-7-53 (a) provided, in pertinent part, "(a) If the tenant fails to answer at or before the date provided in subsection (b) of Code Section 44-7-51 [seven days], the tenant may reopen the default as a matter of right by making an answer within seven days after the date of the default notwithstanding Code Section 9-11-55." However, the amended version of OCGA § 44-7-53 (a), effective November 1, 1982, provides: "(a) If the tenant fails to answer as provided in subsection (b) of Code Section 44-7-51, the court shall issue a writ of possession instanter notwithstanding Code Section 9-11-55; and the plaintiff shall be entitled to a verdict and judgment by default for all rents due, in open court or in chambers, as if every item and paragraph of the affidavit provided for in Code Section 44-7-50 were supported by proper evidence, without the intervention of a jury." Conspicuously omitted is the provision allowing for an opening of the default. It is apparent that the intent of the legislature was to deny the tenant the opportunity to contest the dispossessory action if he failed to answer the summons within the seven days prescribed in OCGA § 44-7-51 (b). Therefore, we hold that the trial court had no authority to grant Caras' motion to open the default. Because appellee failed to answer within the statutorily prescribed period, Spanos

was entitled to an immediate writ of possession and to judgment for the other items sought in the complaint.

*Judgment reversed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 27, 1984 —
REHEARINGS DENIED MARCH 13, 1984 — 

*Judson Graves, John I. Spangler III*, for appellant.
*Speros D. Homer, Jr., Glenda L. Sullivan, Kathryn M. Zickert*, for appellee.