68834. AVERY et al. v. WARRICK.
(324 SE2d 532)

BENHAM, Judge.

Appellants/landlords filed a dispossessory action against appellee/tenant on November 28, 1983. A writ of possession issued on December 7, 1983, after appellee had failed to answer within the statutorily prescribed time. See OCGA § 44-7-51. Appellee subsequently answered and moved to have the writ of possession set aside. The trial court set aside the default judgment and the writ of possession, and the case proceeded to trial where the jury returned a verdict for appellee. Appellants now raise as error the denial of their motions for partial directed verdict and judgment notwithstanding the verdict as well as the setting aside of the default judgment and writ of possession.

1. Appellee's motion to dismiss that portion of the appeal concerning the default judgment is without merit. OCGA § 5-6-34 (c) permits review of "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below . . . without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in . . . this Code . . ."

2. In order to resolve this appeal, we need only address the merits of appellants' argument concerning the setting aside of the default judgment and the writ of possession.

"Before November of 1982, OCGA § 44-7-53 (a) provided, in pertinent part, '(a) If the tenant fails to answer at or before the date

provided in subsection (b) of Code Section 44-7-51 (seven days), the tenant may reopen the default as a matter of right by making an answer within seven days after the date of the default notwithstanding Code Section 9-11-55.' However, the amended version of OCGA § 44-7-53 (a), effective November 1, 1982, provides: '(a) If the tenant fails to answer as provided in subsection (b) of Code Section 44-7-51, the court shall issue a writ of possession instanter notwithstanding Code Section 9-11-55; and the plaintiff shall be entitled to a verdict and judgment by default for all rents due, in open court or in chambers, as if every item and paragraph of the affidavit provided for in Code Section 44-7-50 were supported by proper evidence, without the intervention of a jury.' Conspicuously omitted is the provision allowing for an opening of the default. It is apparent that the intent of the legislature was to deny the tenant the opportunity to contest the dispossessory action if he failed to answer the summons within the seven days prescribed in OCGA § 44-7-51 (b). Therefore, we hold that the trial court had no authority to grant [appellee's] motion to open the default. Because appellee failed to answer within the statutorily prescribed period, [appellants were] entitled to an immediate writ of possession and to judgment for the other items sought in the complaint." *A. G. Spanos Development v. Caras*, 170 Ga. App. 243 (4) (316 SE2d 793) (1984).

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 20, 1984.

*James F. Stovall III*, for appellants.
*Mark Weber*, for appellee.