## S89A0558. BLANK et al. v. COLLINS.
(389 SE2d 493)

SMITH, Presiding Justice.

Appellee Marcus Collins, the revenue commissioner, assessed an intangible tax on certain shares of Home Depot stock owned by the appellants, and the appellants seek a reversal of a trial court order upholding the assessment. We reverse.

Home Depot was incorporated in Delaware in 1979, but it has always maintained its principal corporate headquarters in Georgia and it operates under a Georgia certificate of authority. The revenue commissioner treated the Home Depot shares like those of a domesticated foreign corporation for intangible tax purposes, OCGA § 48-6-22 (7),[1] until October 1986 when, upon the advice of an attorney in the Law Department, Home Depot was removed from the domesti-

---

[1] OCGA § 48-6-22 (7) exempts "Stock of a domesticated foreign corporation if the corporation pays to this state or its political subdivisions all taxes as provided by law."

cated list for intangible tax purposes.

The General Assembly, in rapid response to the commissioner's change in interpretation, amended OCGA § 48-6-20 to clarify the legislative intent to continue to allow the shares of those corporations that had incorporated out of state but that maintained their corporate headquarters in Georgia an exemption from the intangible tax. OCGA § 48-6-22 (7). The General Assembly accomplished the clarification by defining "domesticated foreign corporations" for the first time in the Revenue and Taxation Code as follows:

> A foreign corporation which has procured a certificate of authority to transact business in this state from the Secretary of State and which maintains its corporate headquarters in this state.

OCGA § 48-6-20 (3.1) (B).

1. Although Home Depot was not a domesticated foreign corporation as defined by the Georgia Business Code, it at all times fit the description of a "domesticated foreign corporation" as clarified by the General Assembly in the Revenue and Taxation Code. The Georgia Business Corporation Code does not control the legislative intent with regard to whether or not a corporation is a "domesticated foreign corporation" for the purposes of the Revenue and Taxation Code.

The revenue commissioner acknowledges that as of the effective date of OCGA § 48-6-20 the shareholders are entitled to the exemption, but insists on collecting the intangible taxes during the "window-in-time" after he changed his interpretation and before the effective date of the clarification.

2. The commissioner argues that tax exemptions are to be strictly construed and doubts resolved in favor of taxability. While the rule he cites is correct, it "should not impinge on the other rule that a statute is to be construed in accordance with its real intent and meaning and not so strictly as to defeat the legislative purpose. [Cit.]" *Amoena Corp. v. Strickland*, 248 Ga. 496, 500 (283 SE2d 894) (1981). We would be defeating the legislative purpose in clarifying a "domesticated foreign corporation" in the Revenue and Taxation Code if we upheld the trial court's order.

3. The dissent argues that this case is controlled by *Roberts v. Lipson*, 231 Ga. 142, 145 (200 SE2d 722) (1973); however, *Roberts* involved shares of stock in an undomesticated foreign corporation. The corporation was organized and existed under the laws of New York and it had its principal office in New York; its only connection with Georgia was that it qualified to do business in Georgia. It could never have qualified as a "domesticated foreign corporation" under the clarification in the Revenue and Taxation Code.

The *Roberts* opinion did not address nor did it involve a corporation like Home Depot that maintains its principal corporate headquarters in Georgia and pays all taxes in Georgia as required by law.[2] This distinction was obviously recognized by the later revenue commissioners. The law with regard to corporations such as Home Depot did not change. The only thing that changed was the revenue commissioner's interpretation. Almost immediately after the revenue commissioner changed his interpretation, the General Assembly amended the statute to ratify the revenue commissioner's original correct interpretation and clarify the legislative intent; the law did not change.

*Judgment reversed. All the Justices concur, except Bell, Hunt and Fletcher, JJ., who dissent.*

HUNT, Justice, dissenting.

I respectfully dissent because this case is directly controlled by *Roberts v. Lipson*, 231 Ga. 142, 145 (200 SE2d 722) (1973). In *Roberts* we held:

> Under the law as it existed when the Georgia Business Corporation Code was adopted, we are convinced and we hold that the General Assembly did not intend to grant to undomesticated foreign corporations which qualified to do business in Georgia an exemption of their stock from intangible tax.

Until 1988, when the General Assembly's amendment to OCGA § 48-6-20 became effective to redefine corporations such as Home Depot as domesticated foreign corporations, Home Depot was an undomesticated foreign corporation qualified to do business in Georgia. Thus, Home Depot was for the years in question (1986 and 1987) in precisely the same situation as the corporation under consideration in *Roberts* and the holding in that case requires affirmance of the trial court's order.

Moreover, it is undisputed that the express language of the law in effect during 1986 and 1987 did not exempt the shares of Home Depot from intangible tax for those years. As noted by the majority, "tax exemptions are to be strictly construed and doubts resolved in favor of taxability." Further, an " 'exemption will not be held to be conferred unless the terms under which it is granted *clearly* and *distinctly* show that such was the intention of the Legislature.' [Cits.]"

---

[2] It is generally recognized that "[t]he taxation of both the property of a corporation in the hands of the corporation, and the value of the shares in the hands of the shareholders, is manifestly an instance where the same property is twice taxed." *Georgia R. &c. Co. v. Wright*, 125 Ga. 589, 594 (54 SE 52) (1906), revd. on other grounds, 207 U. S. 127 (28 SC 47, 52 LE 134) (1907). One of revenue commissioner Roberts' major arguments was that the corporation involved in that case had not paid all taxes due in Georgia.

(Emphasis supplied.) *Roberts* at 145.

Had Home Depot chosen to incorporate in Georgia, it would have been a domestic corporation, eligible for the intangible tax exemption. However, Home Depot's incorporators chose to incorporate in Delaware and transact business in Georgia under a certificate of authority. Assuming, for the sake of argument, that so plain a statute invites an inquiry into legislative intent, such intent is to exclude an exemption for Home Depot for the years in question. In 1968 when the Legislature amended the Georgia Business Code, it provided that foreign corporations operating under a certificate of authority were no longer entitled to the "rights, privileges and immunities" of domestic corporations. Former Code Ann. § 22-1601 (repealed by 1968 Ga. Laws, p. 565, § 1). See *Head v. Rich*, 190 Ga. 680 (10 SE2d 183) (1940). The Legislature specifically omitted the provision of immunities for such corporations, providing only that those corporations had "the same but no greater rights and privileges" as domestic corporations, Code Ann. § 22-1402. Home Depot's incorporators chose to incorporate in Delaware in 1979, six years after this court's holding in *Roberts* that stockholders of such corporations were not exempt from intangible tax under the 1968 Business Corporation Code, and eleven years after the Code deleted the entitlement of domesticated foreign corporations to the "immunities" of domestic corporations.

There is no clear and distinct showing of legislative intent to allow an exemption to shareholders of corporations such as Home Depot for the years 1986 and 1987. The 1988 amendment no doubt reflects a *present* (as of 1988) intent to exempt shareholders of corporations such as Home Depot. It may even suggest the General Assembly disagreed with the Revenue Commissioner's stance regarding the exemptions. The 1988 amendment cannot, however, satisfy a determination of legislative intent of the 1968 Georgia Business Corporation Code, which is foreclosed by the plain language of that act and by this court's holding in *Roberts*. Nor is there anything in the 1988 amendment to indicate an intent that it be applied retroactively to the years 1986 and 1987. Accordingly, I would affirm the trial court's decision upholding the Revenue Commissioner's assessment.

I am authorized to state that Justice Fletcher joins in this dissent.

DECIDED MARCH 13, 1990 —
RECONSIDERATION DENIED MARCH 29, 1990.

*Smith, Gambrell & Russell, E. Kendrick Smith, William B. Wood,* for appellants.

*Michael J. Bowers, Attorney General, Patricia H. Coote,* for appellee.