## A90A2318. JOHNSON v. HOUSING AUTHORITY OF ATLANTA.
(403 SE2d 97)

BIRDSONG, Presiding Judge.

Angela Johnson filed this direct appeal from the judgment of the state court affirming, pursuant to the grant of certiorari, the judgment of the magistrate court refusing to open a default against Johnson in a dispossessory action. She contends that the state court erred by finding that OCGA § 44-7-53 (a) prohibits opening defaults in dispossessory actions filed in magistrate court regardless of the language in OCGA §§ 15-10-41 (b) (2) and 15-10-43 (e) suggesting that defaults could be opened. *Held*:

This issue arises because the 1982 amendment to OCGA § 44-7-53 (a), which eliminated opening of defaults in dispossessory actions, did not include language making certain that the amendment applied in magistrate court notwithstanding any provision to the contrary in OCGA §§ 15-10-41 and 15-10-43. As OCGA § 44-7-53 (a) read after the amendment, it specifically eliminated opening such defaults in courts subject to the Civil Practice Act because by earlier amendments, OCGA § 44-7-53 (a) applied "notwithstanding Code Section 9-11-55." Johnson argues that because the amendment did not include specific language applicable to magistrate courts, the legislature intended for dispossessory defaults in magistrate court to be treated differently from dispossessories in courts subject to the Civil Practice Act. The state court, however, relying on *Avery v. Warrick*, 172 Ga. App. 674, 675 (324 SE2d 532) and *A. G. Spanos Dev. v. Caras*, 170 Ga. App. 243, 244 (316 SE2d 793), found that the magistrate had no authority to open defaults in dispossessory actions because OCGA § 44-7-53 (a) showed the legislature's intention that tenants who allow dispossessory actions to go into default would not be allowed to open the default thereafter.

The state court did not err. From the course of the amendments to OCGA § 44-7-53 (a), it is clear that the legislature first restricted and ultimately eliminated the opportunity to open defaults in dispossessory actions. Tenants were originally given 14 days in which to move to open a default. This period was later reduced to seven days, and then the legislature eliminated opening defaults entirely in these cases. (See *A. G. Spanos Dev. v. Caras*, supra, for the history of these amendments.) Under the circumstances and applying the principles in OCGA § 1-3-1 (a) and *Barton v. Atkinson*, 228 Ga. 733, 739 (187 SE2d 835) (courts will not construe a statute to give an unreasonable result not contemplated by the legislature), we cannot conclude that the legislature's failure to include specifically the code provisions applicable to opening defaults in magistrate court was anything more than an oversight. "[A] statute is to be construed in accordance with its real intent and meaning and not so strictly as to defeat the legisla-

tive purpose." (Citation and punctuation omitted.) *Blank v. Collins*, 260 Ga. 70, 71 (389 SE2d 493).

Accordingly, the trial court did not err by holding that OCGA § 44-7-53 (a) prohibits opening defaults in dispossessory actions in magistrate court.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 4, 1991.

*Margaret Hayman*, for appellant.
*Imogene L. Walker*, for appellee.

