S02A0355. HEDQUIST v. HEDQUIST.
(563 SE2d 854)

FLETCHER, Chief Justice.

At the pretrial conference in this divorce case, the trial court found the husband in criminal contempt for violating previous court orders and sentenced him to 50 days in jail. This Court granted the husband's application for discretionary appeal to consider whether he had adequate notice of the charges and an opportunity to be heard before the trial court found him in criminal contempt. Because the court's orders did not give the husband sufficient notice that the wife's contempt motions would be heard at the pretrial conference, we hold that the trial court violated due process in finding the husband in criminal contempt and ordering him incarcerated unconditionally. Therefore, we reverse.

John H. Hedquist, III, and Deborah L. Hedquist were granted a divorce on June 4, 2001, and this Court denied the husband's application to appeal the divorce judgment.[1] This appeal involves the trial court's June 14, 2001, order granting the wife's sixth, seventh, eighth, ninth, and tenth motions for contempt.

The wife filed her sixth motion for contempt on March 15 and amended it on May 16; she filed her seventh motion on May 29. On

---

[1] See *Hedquist v. Hedquist,* S01D1814 (Ga. Sept. 28, 2001) (order denying husband's application for discretionary appeal).

May 31, 2001, the trial court issued a Notice of Motions Hearing stating "that all pending motions in this matter will be heard at the Pretrial Conference now scheduled for June 4." The notice further stated: "Failure to appear or otherwise respond to any motion which has been previously served or which might be appropriately presented at the Pretrial Conference may result in the Motion(s) being ruled upon by the Court without input from the opposing party." The record is unclear on how the notice was served on Mr. Hedquist; the superior court clerk's office mailed it either to his former counsel or to his post office box in Atlanta. The wife filed her eighth, ninth, and tenth motions for contempt on May 31, June 1, and June 4, respectively. No rule nisi was issued for the sixth motion as amended or any of the subsequent motions for contempt.

The husband, who was in a Florida hospital and not represented by counsel at the time, did not appear at the conference on June 4. The trial court heard evidence and arguments from wife's counsel and granted the pending motions for contempt. The trial court found Mr. Hedquist in civil contempt for failing to pay court-ordered expenses and in criminal contempt for violating previous court orders. Specifically, the husband was convicted of criminal contempt for directly contacting his wife and children, failing to appear for mediation or late case evaluation, refusing to provide information about his current or past employment, and transferring a $260,000 interest in the marital residence to his father. As punishment, the trial court ordered Mr. Hedquist incarcerated in the county jail for five to twenty days on each charge, for a total of 50 days.

The constitutional right to due process applies in criminal contempt proceedings because a conviction can result in the loss of liberty and the levy of a penal fine.[2] Both the United States and Georgia Constitutions require that an accused be given notice and an opportunity to be heard before being convicted, except in rare instances.[3] The notice must be reasonably calculated to inform persons of the charges against them and their opportunity for a hearing at a specific time and place to present their objections.[4] We have held that personally serving a party with a motion for contempt and a rule nisi 17 days before the show cause hearing complies with the notice requirements of due process.[5] Conversely, we have concluded that a party

---

[2] See *In re Crane*, 253 Ga. 667, 670 (324 SE2d 443) (1985) (adopting standard requiring guilt beyond a reasonable doubt in convictions for criminal contempt).

[3] See *Taylor v. Hayes*, 418 U. S. 488, 498 (94 SC 2697, 41 LE2d 897) (1974); *In re Siemon*, 264 Ga. 641 (449 SE2d 832) (1994); *Dowdy v. Palmour*, 251 Ga. 135, 141-142 (304 SE2d 52) (1983); see also *Barlow v. State*, 237 Ga. App. 152 (513 SE2d 273) (1999) (affirming trial court's summary order of direct contempt entered without a further hearing).

[4] See *Ford v. Ford*, 270 Ga. 314, 315 (509 SE2d 612) (1998).

[5] See *Brown v. King*, 266 Ga. 890, 891 (472 SE2d 65) (1996) (invalidating local rule

did not receive reasonable notice on a contempt charge when the trial court sent a letter informing the husband that it had received the wife's letter, which charged the husband with contempt, and would hold a hearing on "this matter."[6]

The trial court in this case did not provide Mr. Hedquist adequate notice of the hearing on the contempt charges. First, unlike a rule nisi, the Notice of Motions Hearing did not specify that the trial court would hear the wife's contempt motions at the pretrial conference; the notice merely stated that the court would consider all "pending motions" and motions that "might be appropriately presented." Second, the trial court did not give Mr. Hedquist notice within a reasonable time that it would be deciding contempt charges filed as late as the day of the hearing. By reserving the right to decide motions that had not yet been filed, the trial court gave the accused insufficient time to prepare a defense to all the contempt charges raised at the hearing. Because Mr. Hedquist was not notified of the specific charges to be considered within a reasonable time of the hearing, we hold that he was denied due process when the trial court found him in criminal contempt and sentenced him to specific terms of imprisonment.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 13, 2002.

*Mark J. Kadish*, for appellant.
*Steinfeld & Steinfeld, Brice R. Steinfeld*, for appellee.

---

requiring 30 days notice of a contempt hearing); see also *Anthony v. Anthony*, 240 Ga. 155 (240 SE2d 45) (1977) (issuance and service of rule nisi on nonparty gives notice of charges); *Carson v. Ennis*, 146 Ga. 726 (92 SE 221) (1917) (nisi order fixing a time and place for hearing gives contemnor notice of charge and an opportunity to be heard).

[6] See *Ford*, 270 Ga. at 315; see also *Salter v. Greene*, 226 Ga. App. 384, 385-386 (486 SE2d 650) (1997) (violation of due process to hold wife in criminal contempt at hearing where she was ordered to appear solely as a material witness).