A06A0119, A06A0697. KNAPP v. CROSS (two cases).
(632 SE2d 157)

ADAMS, Judge.

Daniel Knapp, pro se, appeals two orders finding him in contempt arising out of a contentious dispute with his neighbors over his

---

[16] See *Middleton*, supra.

placement of surveillance cameras outside his property. This is the second and third appearance of this case in this Court.

On May 11, 2004, Lonnie R. Cross IV filed an action against Knapp seeking relief under the Georgia stalking statute arising, in part, out of allegations that Knapp had placed surveillance cameras and audio recording devices on his property and pointed them at Cross's home and the windows therein. See OCGA §§ 16-5-90; 16-5-91. On the same day, the Gwinnett County Superior Court issued a temporary protective order directing that Knapp be enjoined from any acts that directly or indirectly constitute stalking, harassing, or intimidating Cross and his family and enjoining any personal contact as well.

On May 18, 2004, the court held a hearing and entered a six-month protective order, in which the court enjoined Knapp from the same behavior and further ordered that Knapp could not approach within ten yards of Cross or his family at any time or place. The court also ordered that Knapp could not videotape or record Cross or his family. The court directed Knapp to obtain a mental health evaluation within 30 days and provide a copy to the court. The order stated that it would be in effect until November 18, 2004.

On September 15, 2004 in response to various motions, the court modified the earlier order to make clear that Knapp had full use of his own property.[1] On November 10, the court reset a hearing on several matters including a determination of whether the injunction should be made permanent. In so doing, the court extended the May 18 restraining order until the then-pending motions could be heard.

On December 1, 2004, following a hearing, the court entered a permanent restraining order, the provisions of which will be shown below. The court also entered an order finding Knapp in contempt of the earlier order and ordered that he be incarcerated for four days and that he pay $1,650 in attorney fees to Cross. On January 3, 2005, Knapp, pro se, appealed the December 1, 2004 orders to this Court. This Court affirmed the trial court on July 19, 2005, but Knapp applied for a writ of certiorari. The Supreme Court denied the writ on January 17, 2006, and this Court issued a remittitur on February 15, 2006. Accordingly, the December 1, 2004 orders were on appeal until earlier this year.

Meanwhile, on June 6, 2005, Cross filed a motion for contempt of the December 1, 2004 order, alleging that Knapp reinstalled the surveillance camera and that Knapp had been stalking the Cross

---

[1] The court also found Knapp in contempt of the earlier order and instructed that he could purge the contempt by removing all cameras visible to Cross, but that finding of contempt is not a part of this appeal.

family. On July 12, the court entered an order concluding that it did not have jurisdiction over the motion for contempt because the main case was on appeal. But eight days later, Cross filed another motion for contempt of the December 1, 2004 order. And on July 27, following a hearing, the court below entered an order finding Knapp in wilful contempt not of the December 1 order, but of the earlier May 18, 2004 order, on the grounds that he had reinstalled a camera. The court ordered that Knapp be incarcerated for 20 days, which could be served on a work-release program; the court also awarded attorney fees of $2,275. In Case No. A06A0119, Knapp appeals the order finding him in contempt. He has already served the time.

On August 22, 2005, Cross filed yet another motion for contempt. In it, Cross alleges that Knapp violated the May 18, 2004 order. On September 6, 2005, the trial court found Knapp in contempt of that order. The court ordered Knapp incarcerated until Knapp paid $3,925 attorney fees to Cross, which represents the total fees assessed in the December 1, 2004 order and the July 27, 2005 order. The court also ordered that Knapp obtain a mental health evaluation after his release and send a copy to the court. In Case No. A06A0697, Knapp appeals this ruling.

## Case No. A06A0119

1. Knapp first argues that the trial court did not have jurisdiction to enter the July 27, 2005 order because the December 1, 2004 permanent injunction was on appeal at the time.[2]

"Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction . . . shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal." OCGA § 9-11-62 (a). This is an exception to the automatic supersedeas provisions of OCGA § 5-6-46. See *Howard v. Smith*, 226 Ga. 850, 852 (178 SE2d 159) (1970). See also *Saxton v. Coastal Dialysis & Med. Clinic*, 220 Ga. App. 805, 807 (2) (470 SE2d 252) (1996). The trial court therefore had the authority to hold Knapp in contempt for failure to comply with the December 1, 2004 order even though the order was on appeal. See, e.g., *Bell v. Bell*, 247 Ga. App. 462, 464 (3) (543 SE2d 455) (2001) (party held in contempt of injunction even though injunction on appeal).[3]

---

[2] "In Georgia, there are three forms of injunctive relief: a temporary restraining order, an interlocutory injunction, and a permanent injunction." *Zant v. Dick*, 249 Ga. 799 (294 SE2d 508) (1982).

[3] But see *Williams v. Natalie Townhouses of Inman Park Condo. Assn.*, 182 Ga. App. 815, 817 (357 SE2d 156) (1987) (holding that trial court has no jurisdiction over contempt of the very order pending on appeal; but the case does not indicate that it was an action for an injunction).

Knapp also urges that the trial court was bound by the July 12 order in which the trial court found that it did not have jurisdiction. But the law of the case rule has been abolished. OCGA § 9-11-60 (h).

2. Knapp contends the trial court erred by finding him in criminal contempt of the May 18, 2004 temporary injunction. Although the order does not indicate the court found Knapp in criminal contempt, "the action the court takes to deal with the contempt determines whether the contempt is deemed 'criminal' contempt or 'civil' contempt." (Citation omitted.) *Rhone v. Bolden*, 270 Ga. App. 712, 714 (2) (608 SE2d 22) (2004). In the July 27, 2005 order, the court ordered incarceration that was not conditional upon Knapp performing some other action to free himself from the contempt, and therefore the contempt was criminal. See id.

In the July 27, 2005 order, the trial court found Knapp in contempt of the May 18, 2004 order even though Cross's petition alleged that Knapp was in contempt of the December 1 order, which the court had jurisdiction to enforce. And, even though some aspects of the May 18 order were made permanent, the two orders were not the same. In the permanent injunction issued on December 1, the court first made the May 18 order permanent, but it also ordered that, "the provisions in the [May 18, 2004 order] relating to all issues other than those set forth herein shall expire six (6) months from the date of the Judgment." The court then added to the December 1 order that Knapp be enjoined from threatening or attempting to injure, vilify, molest, or harass Cross or his family, from having any violent contact with Cross, entering Cross's residence, workplace, or school, and from having any other contact whatsoever with Cross or his family.

Thus, the two orders have different provisions. In fact, the trial court acknowledged that the permanent order is less restrictive than the temporary order. And although all provisions of the May 18 order inconsistent with the December 1 order expired on June 1, 2005, there is no indication the trial court held Knapp in contempt of those surviving provisions.[4] Rather, the court found Knapp in contempt of the more restrictive temporary order, portions of which were no longer in effect. See *Abney v. Harris*, 208 Ga. 184, 186-187 (4) (65 SE2d 905) (1951) (interlocutory injunction generally effective only until final trial).

But regardless of whether aspects of the May 18 order were still in effect at the time of Knapp's alleged contemptuous behavior, Knapp was given no notice of allegations that he was charged with

---

[4] The factual issue to be resolved was whether cameras that Knapp had put on one side of his house were pointed at his own pool, or at Cross's house. We have only been provided with an excerpt of the hearing concerning Knapp's motion regarding jurisdiction. The evidentiary part of the hearing is not in the record.

contempt of the May 18 order prior to the hearing. In *Hedquist v. Hedquist*, 275 Ga. 188 (563 SE2d 854) (2002), the Supreme Court explained that a person has a right of due process in criminal contempt proceedings:

> The constitutional right to due process applies in criminal contempt proceedings because a conviction can result in the loss of liberty and the levy of a penal fine. Both the United States and Georgia Constitutions require that an accused be given notice and an opportunity to be heard before being convicted, except in rare instances. The notice must be reasonably calculated to inform persons of the charges against them and their opportunity for a hearing at a specific time and place to present their objections.

(Footnotes omitted.) Id. at 189. The Supreme Court found that a party had not been provided with adequate notice of a hearing on contempt charges where, among other things, the notice did not specify all of the contempt charges that would be raised at the hearing. Id. at 189-190.

In this case, the failure to give Knapp notice that he was being charged with contempt of the May 18, 2004 order is plainly not reasonable notice under the Constitution. *Hedquist*, 275 Ga. at 189-190. And, at the hearing on the motion for contempt of the December 1, 2004 order, Knapp objected to the court "falling back" to the provisions of the May 18, 2004 order. Accordingly, there is no evidence that Knapp waived the issue, i.e., no evidence of an intentional relinquishment or abandonment of a known right or privilege. *Brady v. United States*, 397 U. S. 742, 748 (90 SC 1463, 25 LE2d 747) (1970).

For these reasons, the contempt order of July 27, 2005 is reversed and the case remanded for a determination of whether the evidence presented at the July 27, 2005 hearing supports a finding of contempt of the December 1, 2004 order.

### Case No. A06A0697

3. In the order of September 6, 2005, the trial court again found Knapp in contempt of the May 18, 2004 order. And the trial court stated that it found contempt because, "The Respondent has no idea how to behave, in or out of court." The court also ordered that Knapp could purge himself of contempt by paying the accumulated attorney fees from two earlier orders.

The contempt arose out of an incident that occurred on August 20, 2005, in which Cross alleged that Knapp vandalized his yard by

mowing three feet onto his property in the public easement area near the sidewalk. As shown above, the May 18 temporary injunction was no longer in effect at the time. Knapp cannot be held in contempt of an order that was no longer in effect. Cross did not seek, nor did the court find that Knapp was in contempt of the correct order — the December 1, 2004 order. The order of September 6, 2005 is therefore reversed.

*Judgment reversed and case remanded in Case No. A06A0119. Judgment reversed in Case No. A06A0697. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MAY 12, 2006 —
RECONSIDERATION DENIED JUNE 6, 2006 — ▉▉▉▉▉▉▉▉

Daniel Knapp, *pro se.*
*Jan McKinney*, for appellee.