A10A1433. HARPER et al. v. JP MORGAN CHASE BANK
NATIONAL ASSOCIATION.
(699 SE2d 854)

BLACKBURN, Senior Appellate Judge.

Following a bench trial, Karen and Jennifer Harper appeal the trial court's judgment ordering that a writ of possession issue evicting them from their residence, which residence had been foreclosed upon by JP Morgan Chase Bank (the "Bank"). The Harpers challenge the eviction on three grounds: (i) the Harpers were entitled to remain on the premises under a lease protected by an uncodified but duly enacted federal public law ("Protecting Tenants at Foreclosure Act of 2009"[1]) (hereinafter the "Federal Act"); (ii) the trial court erred in finding that the fair market rent of the subject premises was $2,300; and (iii) a prior hearing had already determined that the lease was valid. Discerning no error, we affirm.

"In appeals from nonjury trials, we review the court's resolution of disputed material facts under a clearly erroneous test, which is the same as the any evidence standard." (Footnote omitted.) *Trustreet Properties v. Burdick*.[2] "[W]e construe the evidence in favor of the judgment and will not disturb fact findings of a trial court if there is any evidence to sustain them." (Punctuation omitted.) *Dabdoub v. Global Home Image*.[3]

So construed, the evidence shows that after the Bank had foreclosed on the residence at issue in July 2009, the Bank demanded possession of the premises from its occupants (who consisted of the prior owner's wife Karen Harper and her sister Jennifer Harper), giving them 90 days to vacate the residence. When they failed to do so, the Bank served a dispossessory warrant upon them on December 9, 2009; however, only Karen answered the warrant, in which answer she claimed that she properly occupied the premises pursuant to a valid lease.

At an unreported hearing held on December 28, 2009, Karen appeared and asked that the proceedings be postponed pursuant to her attorney's leave of absence, which had been faxed to the court. Accommodating her request, the court postponed the trial to January 11 and ruled that Karen pay rent into the registry of the court

---

[1] "Protecting Tenants at Foreclosure Act of 2009," May 20, 2009, P. L. 111-22, Div. A, Title VII, § 702, 123 Stat. 1660, which appears as a note to 12 USCS § 5220.

[2] *Trustreet Properties v. Burdick*, 287 Ga. App. 565, 568 (652 SE2d 197) (2007).

[3] *Dabdoub v. Global Home Image*, 291 Ga. App. 298, 299 (661 SE2d 669) (2008).

pending the trial. See OCGA § 44-7-54 (a) (1) (a tenant is required to pay rent into the court's registry where the right of possession cannot be determined within two weeks of the service of the dispossessory warrant).

At the January trial, which Karen but not Jennifer attended, the court received evidence on the validity of Karen's lease and on the fair market rent for the residence. Finding that Karen was not a bona fide tenant, the court entered judgment in favor of the Bank and ordered that a writ of possession be issued and that Karen pay rent into the court's registry should she file a notice of appeal. Both Karen and Jennifer appeal this judgment.

1. Contending that they occupied the residence under a valid lease, Karen and Jennifer first argue that under the Federal Act, the court could not issue a writ of possession. Specifically, they point to the Federal Act's provisions that purchasers of a foreclosed property (where a federally-related mortgage loan is being foreclosed upon) take the property subject to the rights of any bona fide tenant under a bona fide lease. 123 Stat. at 1660, Sec. 702 (a) (2) (A). We hold that evidence supported the trial court's finding that Karen was not a bona fide tenant, and that Jennifer has waived any right to claim she was a bona fide tenant.

The Federal Act specifies:

> For purposes of this section, a lease or tenancy shall be considered bona fide only if —
> (1) the mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant;
> (2) the lease or tenancy was the result of an arms-length transaction; and
> (3) the lease or tenancy requires the receipt of rent that is not substantially less than fair market rent for the property or the unit's rent is reduced or subsidized due to a Federal, State, or local subsidy.

Supra, Sec. 702 (b). Thus, unless all three of these criteria are met, a lease or tenancy is not considered bona fide under that public law.

Here, as conceded by appellants in their appellate brief, the trial court properly found that Karen — as the spouse of the mortgagor — could not meet even the first criterion and therefore was not a bona fide tenant. Nevertheless, appellants argue that Jennifer as the mortgagor's sister-in-law could meet the three criteria, and that therefore the court erred in issuing the writ of possession as to both Karen and Jennifer.

Appellants' argument is fraught with difficulties. First, they fail to explain why, if Jennifer is the only bona fide tenant, the writ of

538

possession should not issue against Karen. Second, Jennifer failed to answer the dispossessory warrant or even to appear at trial. "If the tenant fails to answer as provided in subsection (b) of Code Section 44-7-51, the court shall issue a writ of possession instanter. . . ." OCGA § 44-7-53 (a). Indeed, a tenant's failure to timely answer the dispossessory warrant entitles the owner not only to an immediate writ of possession but also to judgment for any other items sought in the warrant. *Avery v. Warrick.*[4] Thus, as to Jennifer, the trial court was fully authorized to issue a writ of possession.

Third, even if Jennifer had somehow preserved her right to claim that she was a bona fide tenant, the amount being paid under the lease was substantially less than the fair market rent for the property. An expert testified that based on the value of the subject residence, and based on rents being paid for houses in the neighborhood that were comparable, the fair market rent for the subject residence was $2,300 per month. The trial court expressly found this evidence to be persuasive. Thus, because Karen and Jennifer's lease required them to pay only $1,600 per month, they were paying rent that was about 30 percent less than the fair market rent of the house. Evidence therefore supported a finding that the lease did not meet the third criterion and therefore could not be bona fide.

Finally, Karen and Jennifer contend that under *AMB Property v. MTS, Inc.,*[5] the Federal Act's reference to "fair market rent" is "unenforceably vague and indefinite." Setting aside that *AMB Property* is clearly distinguishable in that it pertains to the enforceability of contractual language in a lease-renewal pricing provision, not to the construction of a statute, we note that in any case, this argument was not raised below and therefore cannot be argued on appeal. See *Whitley v. Gwinnett County*[6] ("[t]his Court has held many times that issues not properly raised in the trial court will not be considered on appeal").

2. Karen and Jennifer next challenge two factual findings of the trial court: the fair market rent was $2,300, and the Bank sent a demand for possession to them. With regard to the first finding, Karen and Jennifer challenge the credibility of the expert's testimony about the $2,300 fair market rent and point to Karen's testimony that the mortgage on the house required only a $1,600 monthly payment. Of course, "questions concerning the credibility of witnesses and the preponderance of the evidence are for the trier

[4] *Avery v. Warrick*, 172 Ga. App. 674, 675 (2) (324 SE2d 532) (1984).
[5] *AMB Property v. MTS, Inc.*, 250 Ga. App. 513, 514 (551 SE2d 102) (2001).
[6] *Whitley v. Gwinnett County*, 221 Ga. App. 18, 21 (3) (470 SE2d 724) (1996).

of facts to decide." *Tampa Bay Financial v. Nordeen*.[7] Accordingly, we discern no error in the trial court's finding of fact that $2,300 was the fair market rent. See *Trustreet Properties*, supra, 287 Ga. App. at 568.

Similarly, because the Bank submitted some evidence that it sent a demand for possession to the residence's occupants, which Karen even admitted to having seen, appellants' argument that counter-vailing evidence showed no demand was sent created nothing more than an issue of fact, which the trier of fact resolved against them. Cf. OCGA § 44-7-50 (a).

3. Karen and Jennifer claim that the issue of the lease's validity as a bona fide lease was resolved in the December 28, 2009 hearing, in which the court ordered them to pay back rent and also rent of $1,600 per month until the trial on possession was concluded. Accordingly, they claim that the court had no power to re-address the issue when it held the final trial on the merits one month later in January 2010. We disagree.

Setting aside that the purpose of the December 28 hearing was merely to require Karen and Jennifer to pay rent into the court registry pending the trial on possession (see OCGA § 44-7-54 (a) (1)), we hold that OCGA § 9-11-60 (h) abolished the law of the case rule. Accordingly, even if the trial court had ruled in the December interim hearing that the lease was valid (which the court during the January final hearing expressly denied having done and which is not found anywhere in language of the December order requiring payment of rent into the court registry), the trial court was not bound by that ruling in the final trial on the merits and was free to rule to the contrary based on the evidence presented. See *Knapp v. Cross*.[8]

*Judgment affirmed. Barnes, P. J., and Smith, P. J., concur.*

DECIDED AUGUST 5, 2010.

*E. Earle Burke*, for appellants.
*Fowler, Hein, Passino, Cheatwood & Williams, James M. Williams, Shapiro & Swertfeger, Heather M. Malick*, for appellee.

---

[7] *Tampa Bay Financial v. Nordeen*, 272 Ga. App. 529, 531 (1) (612 SE2d 856) (2005).
[8] *Knapp v. Cross*, 279 Ga. App. 632, 635 (1) (632 SE2d 157) (2006).