**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 23, 2020**

# In the Court of Appeals of Georgia

A20A0770. NADAL v. NADAL.                                    D0-027

DOYLE, Presiding Judge.

Guillermo Nadal appeals from an order finding him in contempt for violating the terms of a settlement agreement incorporated into his divorce decree. He contends that the superior court erred because (1) no rule nisi was issued providing notice of the contempt hearing, and (2) the judgment is based on an unenforceable liquidated damages provision due to its punitive nature. Because no rule nisi was issued indicating that the court would conduct a final hearing on the merits of the contempt petition, we vacate the judgment and remand.

The relevant record is undisputed. Guillermo and Nancy Nadal were married, and together, they ran a used car dealership, Marietta Car Center ("MCC"), and finance business, All Family Finance, LLC (collectively, the "Car Companies"). .

MCC was owned by Nancy, and All Family Finance (which provided financing services through MCC) was owned by Nancy and her brother; Guillermo was primarily responsible for business operations for both companies. In December 2018, the couple divorced, and the final decree incorporated a settlement agreement executed by Guillermo and Nancy. The settlement agreement provided that Nancy would assume the entirety of the existing business debt ($485,000) and retain her ownership and control of the businesses; in exchange, a non-compete agreement prohibited Guillermo from competing with the Car Companies for five years within a forty-mile territory. If Guillermo violated the non-compete provision, the agreement contained a liquidated damages provision setting damages at half of the total $485,000 debt owed by the Car Companies, i.e., $242,500.

On April 11, 2019, Nancy filed a "Petition for Citation of Contempt," alleging that Guillermo was violating the non-compete agreement. The same day, Nancy also filed a "Motion for Immediate Injunction and Temporary Restraining Order," seeking to enjoin Guillermo from competing.

On May 15, 2019, Nancy prepared and filed a "Notice of Hearing" addressed to Guillermo, stating in material part: "Please take notice that Plaintiff has scheduled a Temporary Hearing . . . on June 24, 2019, at 1:30 p.m. . . . in the Superior Court of

Cobb County. . . ." The notice did not contain any other description of the proceeding. An attached certificate of service stated that Nancy's counsel e-filed the notice, emailed it to Guillermo's counsel, and mailed it to Guillermo's home address.

On the same day, May 15, Nancy served a notice to produce, request for production of documents, interrogatories, requests for admission, and a notice of deposition to be held on June 19, 2019. On June 17, 2019, Guillermo moved to quash Nancy's discovery requests and obtain a protective order.

On June 25, 2019,[1] both parties appeared and were represented by counsel before the superior court. At the outset of the hearing, the court asked, "are we down for a final or a temporary[?]" Nancy replied that she would proceed with a final hearing if it would be allowed, but after Guillermo objected and Nancy conceded that the notice was for a temporary hearing, the court observed that "[i]f they have been noticed with a temporary, we can't do a final unless they agree." A colloquy ensued, and the court stated its confusion as to why the case had been docketed as a divorce case, but after Nancy clarified that it was on a contempt motion following a final divorce decree, the court then stated, "[l]et's have a hearing . . . and it will be a final hearing. It's a contempt hearing." Guillermo objected, clarifying that no rule nisi had

---

[1] Nancy's notice listed June 24, 2019, but the hearing was held on June 25.

3

issued specifying what would be heard.[2] Over Guillermo's objection, the court held a final hearing on the merits of the contempt petition: "I think that notice of hearing is good enough. It's a contempt . . . he either did or did not. We're going to hearing [sic]."

The hearing proceeded with testimony from Guillermo and Nancy, but the court had to cut short the hearing because it lasted longer than the two-hour time allotted. The court then invited the parties to submit letter briefs on the law and stated that any discovery disputes "have become nonissues," so they would not be heard in the letter briefing. After the parties submitted briefs, the trial court entered a final order finding Guillermo in willful contempt and requiring him to pay half of the debt owned by the business, i.e., $242,500, as liquidated damages. The order did not address Guillermo's argument that the liquidated damages were an unenforceable penalty. Guillermo now appeals.

---

[2] See *Braden v. Braden*, 260 Ga. 269, 270 (392 SE2d 710) (1990) ("In a contempt action . . . , a rule nisi is the summons which is to be served on the defendant giving him notice of the charges and the opportunity to be heard at a specified time and place.").

1. Guillermo contends that the trial court erred by holding a final hearing on the merits of the contempt petition over his objection based on lack of adequate notice. We agree.

> In cases of constructive contempt of court, [such as this], where the alleged contumacious conduct is disobedience to a mandate of the court, not an act in the presence of the court or so near thereto as to obstruct the administration of justice, the law requires that a rule nisi issue and be served upon the accused, giving the accused notice of the charges against [him], and that the accused be given an opportunity to be heard. The notice given by the rule nisi is to afford the accused a reasonable time in which to prepare [his] defense to the charge that [he] had violated the court's order. This requirement of reasonable notice in a case involving an alleged indirect contempt is not satisfied by a showing that the accused was present in court at the time of trial and adjudication and had actual notice then and there of what was going on, but rather contemplates and necessitates a written notice fairly and fully informing the accused of the specific acts of contempt with which [he] is charged, and so given as to afford a reasonable time to make [his] defense.[3]

Here, it is undisputed that the only notice given to Guillermo was the notice mailed by Nancy (not a rule nisi issued by the superior court) indicating that the

---

[3] (Punctuation omitted.) *In re Harris*, 289 Ga. App. 334, 337-338 (2) (b) (657 SE2d 259) (2008).

hearing would be a "Temporary Hearing" and not stating the subject matter. At the time Guillermo received the notice, he was aware of the petition for contempt, a motion for a temporary restraining order and immediate injunctive relief, and Nancy's discovery requests, which requests he opposed by filing a motion to quash and for a protective order. Thus, by the time of the hearing, there was pending: a petition for contempt, a motion for a temporary restraining order, a motion for immediate injunctive relief, notices of discovery, a motion to quash, and a motion for a protective order. When Guillermo appeared for the "temporary hearing," he immediately objected to a final hearing on the merits, citing his belief that the hearing would be for temporary purposes or to resolve the discovery disputes. The trial court initially apprehended the problem of going forward on a final hearing without adequate notice of the subject matter, but it nevertheless elected to proceed. Toward the end of the hearing, the trial court again voiced its doubt about the scope and finality of the hearing:

> I don't honestly see any reason we're here. I'm not clear if this is a final on a contempt or a temporary on a contempt. I don't see any reason to have a temporary on a contempt. I do think you need to engage in discovery, especially with this kind of stuff, and I think you need to mediate the case. It's a business battle at this point. It's not a marital

6

battle. I thought we were doing a final on the contempt. Now I'm hearing temporary. Which is it?

We need not decide whether the notice from Nancy, as opposed to a formal rule nisi from the court, was sufficient to proceed with a temporary hearing; what ensued was a final hearing on the merits. Given this substantial discrepancy between the notice served and the hearing held, and in light of Guillermo's objection, the trial court correctly observed that something was amiss — even if that observation went unheeded. What was noticed as a temporary hearing (presumably on a restraining order or other injunctive relief) quickly became a final evidentiary hearing about a business dispute with unresolved discovery issues material to the dispute. Although in this case Guillermo was present and represented by counsel at the hearing, he immediately and repeatedly objected to a final hearing on the merits of the contempt petition in light of the lack of a rule nisi informing him of the issues to be resolved. "[W]here the notice of the hearing is unreasonable, the fact that the contemnor voluntarily appears and defends at the hearing does not excuse the failure to comport with due process."[4] Accordingly, based on the events in this case, the trial court erred

---

[4] *Ford v. Ford*, 270 Ga. 314, 316 (509 SE2d 612) (1998). See also *Hedquist v. Hedquist*, 275 Ga. 188, 189 (563 SE2d 854) (2002).

by holding a final hearing on the merits of Nancy's contempt petition, and we vacate the final judgment.

2. Guillermo also contends that the trial court erred by making a liquidated damages award based on an unenforceable penalty provision. This issue was not reached by the superior court.

> Georgia law recognizes that the parties may agree in their contract to a sum to liquidate their damages. OCGA § 13-6-7 provides: "If the parties agree in their contract what the damages for a breach shall be, they are said to be liquidated, and unless the agreement violates some principle of law, the parties are bound thereby." In deciding whether a contract provision is enforceable as liquidated damages, the court makes a tripartite inquiry to determine if the following factors are present: First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and third, the sum stipulated must be a reasonable pre-estimate of the probable loss.

> Of course, whether a provision represents liquidated damages or a penalty does not depend upon the label the parties place on the payment but, rather, depends on the effect it was intended to have and whether it was reasonable. In cases of doubt, the courts favor the construction which holds the stipulated sum to be a penalty, and limits

the recovery to the amount of damages actually shown, rather than a liquidation of the damages.[5]

Here, the trial court's order made no inquiry into these factors, nor whether the parties adequately addressed the issue at the evidentiary hearing. Accordingly, on remand, any final judgment should include a determination as to the enforceability of the liquidated damages provision consistent with the above-stated law.

*Judgment vacated and case remanded with direction. McFadden, C. J., and Hodges, J., concur.*

---

[5] (Citations and punctuation omitted.) *Sexton v. Sewell*, 351 Ga. App. 273, 284 (b) (830 SE2d 605) (2019), quoting *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 228, 230-231 (227 SE2d 340) (1976). But see *Sewell v. Sexton*, Case No. S19C1513 (Feb. 10, 2020) (granting certiorari in *Sexton* as to the merits of the analysis in the case).