# Court of Appeals
# of the State of Georgia

ATLANTA,  January 20, 2023

*The Court of Appeals hereby passes the following order:*

## A23E0028. MAKHMUDOV v. ANDREWS.

The Forsyth Superior Court entered a stalking twelve-month protective order enjoining and restraining Kamal Makhmudov from contacting, harassing, interfering, intimidating, or approaching Lucas Andrews or his immediate family. Makhmudov has filed this emergency motion pursuant to Court of Appeals Rule 40 (b) to request that we direct the trial court to respect the supersedeas that arose automatically upon Makhmudov's filing of a notice of appeal from the stalking protective order. There was no automatic supersedeas so we deny the motion.

"[T]he stalking protective entered against [Makhmudov] is in the nature of an injunction, which is '[a] court order commanding or preventing an action.' Black's Law Dictionary (10th ed. 2014)." *Babinsack v. Alfonso-Garcia*, 337 Ga. App. 113, 114–115 (2) (786 SE2d 501) (2016) (physical precedent only). And "'[u]nless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal.' OCGA § 9-11-62 (a). This is an exception to the automatic supersedeas provisions of OCGA § 5-6-46." *Knapp v. Cross*, 279 Ga. App. 632, 634 (1) (632 SE2d 157) (2006).

Since no automatic supersedeas arose from Makhmudov's filing a notice of appeal, his emergency motion is hereby **DENIED**.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __01/20/2023__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____, *Clerk.*