**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

April 26, 2024

# In the Court of Appeals of Georgia

A24A0291. MT. NEBO BAPTIST LIFE CENTER, INC. v. ABBEY LENDING, LLC.

RICKMAN, Judge.

Abbey Lending, LLC filed a dispossessory action against Mt. Nebo Baptist Life Center, Inc. After, Mt. Nebo failed to answer within the statutorily prescribed time, Abbey Lending filed a motion for default judgment. Thereafter, Mt. Nebo filed an answer and counterclaim Following a hearing, the trial court granted Abbey Lending's motion for default. On appeal, Mt. Nebo contends that the trial court erred by granting Abbey Lending's motion for default and, alternatively, that the trial court should have used its discretion to open the default. For the following reasons, we affirm.

On January 31, 2023, Abbey Lending filed a dispossessory complaint seeking, inter alia, possession of the premises Mt. Nebo leased. The complaint attached a dispossessory affidavit and the summons specified that Mt. Nebo must answer within seven days from the date of the actual service as required by OCGA § 44-7-51 (b).[1] Counsel for Mt. Nebo acknowledged service on February 13, 2023.

After Mt. Nebo failed to file an answer within seven days from the date it was served with the summons, Abbey Lending filed a motion for default judgment seeking a writ of possession on February 24, 2023. In response, later that same day, Mt. Nebo filed an answer and counterclaim. Following a hearing, the trial court granted Abbey Lending's motion for default judgment. The trial court stated in its order that "because [Mt. Nebo] failed to contest the dispossesory action within the seven days prescribed in OCGA § 44-7-51 (b), [the trial court] lacks discretion to open the default." Despite the trial court's order, Mt. Nebo filed a motion to set aside the default. This appeal followed.

---

[1] "The summons served on the defendant pursuant to subsection (a) of this Code section shall command and require the tenant to answer either orally or in writing within seven days from the date of the actual service[.]" OCGA § 44-7-51 (b).

1. Mt. Nebo contends that the trial court erred by granting the motion for default. Specifically, it argues that because Abbey Lending sought specific enforcement of a release contained in the lease in addition to a writ of possession, it was not required to respond within seven days of receiving the summons. We disagree.

Pursuant to OCGA §§ 44-7-51 (b) and 44-7-53 (a), if a defendant fails to answer a dispossession suit within seven days of being served with the summons and complaint, the plaintiff is entitled to a writ of possession and "[t]he court, without the intervention of a jury, shall not require any further evidence nor hold any hearings and the plaintiff shall be entitled to a verdict and judgment by default for all rents due as if every item and paragraph of the affidavit provided for in Code Section 44-7-50 were supported by proper evidence." OCGA § 44-7-53 (a). See *Vickers v. Merry Land & Investment Co.*, 263 Ga. App. 316, 318 (1) (587 SE2d 816) (2003).

Here, the record shows that Mt. Nebo was served with a dispossessory complaint with an attached dispossessory affidavit and a summons directing it to respond within the required seven days. The record also shows that Mt. Nebo failed to respond to the complaint within the seven days as required by OCGA § 44-7-51 (b).

If Mt. Nebo had timely responded to the dispossessory suit, it would have had the opportunity to assert any available defenses. The fact that Abbey Lending requested specific enforcement of a provision of the lease in addition to a writ of possession did not alter the applicability of the dispossessory statutes or Mt. Nebo's obligation to reply within the specified time limits. "Indeed, a tenant's failure to timely answer the dispossessory warrant entitles the owner not only to an immediate writ of possession but also to judgment for any other items sought in the warrant." *Harper v. JP Morgan Chase Bank Nat. Ass'n*, 305 Ga. App. 536, 538 (1) (699 SE2d 854) (2010). See also *Avery v. Warrick*, 172 Ga App. 674, 674 (2) (324 SE2d 532) (1984).

Accordingly, because Mt. Nebo failed to answer the dispossesory suit within seven days as required by OCGA § 44-7-53 (a), the trial court properly granted Abbey Lending a default judgment. See *Tauber v. Community Centers Two, LLC.*, 235 Ga. App. 705, 706 (2) (509 SE2d 662) (1998), disapproved on other grounds by B*owen v. Savoy*, 308 Ga. 204, 209 n. 7 (839 SE2d 546) (2020); *Harper*, 305 Ga. App. at 538 (1).

2. Mt. Nebo contends that the trial court should have used its discretion to open the default.

The trial court stated in its order granting default judgment in favor of Abbey Lending, that "because [Mt. Nebo] failed to contest the dispossessory actions within the seven days prescribed in OCGA § 44-7-51 (b), [the trial court] lacks discretion to open the default." We agree.

This Court has held that in dispossesory cases, the trial court has no authority to grant motions to open the default when the lessee fails to answer within the statutorily prescribed period. See *Johnson v. Housing Auth. of Atlanta*, 198 Ga. App. 816, 816 (403 SE2d 97) (1991); *Avery*, 172 Ga. App. at 674 (2); *A. G. Spanos Dev., v. Caras*, 170 Ga. App. 243, 244-245 (4) (316 SE2d 793) (1984). Accordingly, the trial court correctly held that it had no discretion to open the default in this case and that Abbey Lending was entitled to an immediate writ of possession.

*Judgment affirmed. Mercier, C. J., and McFadden, P. J., concur.*